This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DEBRA ANN PERRAULT,**
**a/k/a DEBRA ANN POOR,**

Petitioner-Appellee,

v.                                                                  NO.   30,985

**JACOB HENRY PERRAULT,**

Respondent-Appellant,

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Isabel Jerabek
Las Cruces, NM

for Appellee

Jacob Henry Perrault
Las Cruces, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Jacob Henry Perrault (Father) appeals from the district court's order on Dedra Ann Perrault's (Mother's) verified motion to modify parenting plan and time-share agreement. [RP 388] The order allows Mother to move with the children, ages five and two, to Arkansas for the school year with visitation in summers and holidays to Father. [Id.] The first calendar notice proposed summary reversal. [CN1] Mother filed a persuasive memorandum in opposition, however, and the second calendar notice proposed summary affirmance. [CN2] Father has filed a memorandum in opposition to the second calendar notice that we have duly considered. [Father's MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

In the docketing statement, Father contends that the district court erred in refusing to allow the deposition testimony of his son, age five, that Mother had beaten him and that she forces him to tell people that Father beats him. [DS 20] Father further contends that the district court erred in refusing to allow testimony of CYFD investigators that CYFD had substantiated child abuse against Mother for beating their son, even though the district court apparently allowed Mother to testify that the allegations were unsubstantiated. [Id.] Father also contends that the district court did not give proper weight (1) to the photographs that his lawyer submitted showing the bruises on his son from the beating by Mother, or (2) to Father's argument that for the

safety of Children, they need to be living near Father so that he can monitor whether they are being beaten by Mother. [Id.]

The first calendar notice proposed summary reversal on the basis that the CYFD investigators' testimony was directly relevant to the district court's determination of the best interests of Children in allowing Mother to move to Arkansas. *See Jaramillo v. Jaramillo*, 113 N.M. 57, 61, 823 P.2d 299, 303 (1991) ("The 'best interests' criterion, of course, is the lodestar for determining a custody award, under both statute and case law in New Mexico[.]"); *see also Thomas v. Thomas*, 1999-NMCA-135, ¶ 10, 128 N.M. 177, 991 P.2d 7 ("A court may modify a custody order only upon a showing of a substantial change in circumstances since the prior order that affects the best interests of the children."). In addition, the first calendar notice proposed to conclude that the district court erred in quashing the notice of deposition and in striking any testimony that the parties' five-year-old son may have given simply because the notice of deposition was untimely filed. The calendar notice further observed that the parties were present at the deposition, the deposition did proceed, and therefore Mother had waived any objection she had to the untimely filing of the notice. In addition, it appeared that the son's testimony was directly relevant to the district court's determination of the best interests of Children.

In response to the first calendar notice, however, Mother filed a persuasive memorandum in opposition that provided further information about the testimony at the hearing. [Mother's MIO] At the hearing, Mother disclosed that on one occasion she had hit their son, that she was deeply sorry for the incident, that she had been subject to a CYFD intervention, and that she had complied with all of CYFD's requirements for regaining primary physical custody of Children. [Mother's MIO 7] Mother indicated that the son's counselor also testified that Father had placed undue stress on the son by repeatedly causing him to have to decide whom he wanted to be with. [Id.] In addition, the district court judge asked a CYFD investigator, who was present at the hearing, whether she had anything to add to Mother's account of the one incident of abuse, or to Mother's account of her CYFD compliance, and the investigator had indicated that she had no further information. [Id.] Moreover, the district court did consider the photographs that Father produced. [Mother's MIO 5] Because Father was unable to specify any other specific time that Children had been in danger or produce any evidence thereof, however, the district court judge indicated that he believed the one incident to be a lapse in Mother's otherwise normally good judgment. [Mother's MIO 5-6] The district court judge also considered the deposition of the son to be "an affront to the judicial process," because a five-year-old

is not capable of understanding why he is to answer in a deposition all of the questions he is being asked. [Mother's MIO 6]

The second calendar notice proposed to affirm. [CN2] In Father's memorandum in opposition, he argues that the son was not asked about who he wanted to live with at his deposition or otherwise inappropriately questioned. [Father's MIO 1, 3-4] Father contends that Mother has obfuscated the deposition issue when the son testified at the deposition that Mother forces him to lie and to state falsely that Father beat him when it was actually Mother who had beaten him. [Father's MIO 5] Father continues to argue that their five-year-old son is a competent witness and that the district court should have allowed his deposition testimony. [Father's MIO 5-6] Father also asserts that Mother misrepresented the son's counselor's testimony when the counselor merely testified generically that it would be inappropriate or unduly stressful for someone to ask a five-year-old child whom he preferred to live with, not that Father had done so by taking the son's deposition. [MIO 6] Finally, Father contends that Mother misrepresented or misled this Court into thinking that she had requested a change in custody from Father to Mother when Children were already in her primary custody and Mother was actually requesting that Children be able to move with Mother to Arkansas to live with her and her new husband. [Father's MIO 2-3] Father contends that Mother indicated that she would

have agreed to have a long distance marriage and stay in New Mexico with Children and that the district court should have ordered her to do so. [Id.]

Father's contentions in his memorandum go to the credibility of the witnesses and the weight to be given to their testimony, matters for the district court to determine at the hearing, not for this Court's review on appeal. *See, e.g., Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact."); *see also, e.g., Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 127, 767 P.2d 363, 366 (Ct. App. 1988) (observing that, given that this Court lacks any opportunity to observe demeanor, we cannot weigh the credibility of live witnesses), *holding modified on other grounds by Delgado v. Phelps Dodge Chino, Inc.,* 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148. The district court gave full consideration to the best interests of Children in allowing them to move to Arkansas with Mother, in retaining joint legal custody in Father and Mother, and in granting Father summers and other visitation. [RP 388-91] The district court weighed all the evidence relevant to the best interests of Children, including Father's allegations and photographs, Mother's disclosures, and Mother's affidavit concerning her actual job prospects, the available schools, and a family support system that are available to her in Arkansas and not as available to her in New Mexico. [RP 329-30] Moreover, the district court did not abuse its discretion in

quashing the deposition testimony of the parties' son, given his young age, the setting, the subject matter of the deposition testimony, and the counselor's generic opinion, and given that the notice of deposition was untimely filed, Mother had made full disclosures, and CYFD personnel were present and corroborated their intervention and Mother's compliance. *See, e.g.*, NMSA 1978, § 40-4-9(B) (1977) (providing that "[i]f the minor is fourteen years of age or older, the court shall consider the desires of the minor as to with whom he wishes to live before awarding custody of such a minor"); *see also* § 40-4-9(C) (providing, in applicable part, that "[w]henever testimony is taken from the minor concerning his choice of custodian, the court shall hold a private hearing in his chambers").

**CONCLUSION**

We affirm the district court's November 23, 2010 order modifying custody and the parenting plan.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**


_____

**RODERICK T. KENNEDY, Judge**